IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRYAN D. HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 1:13CV615 |
| GENUINE PARTS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

BEATY, District Judge.

This matter is before the Court on the motions of Plaintiff Bryan D. Haynes and

Defendants Genuine Parts Company; National Automotive Parts Association; Sunex

International, Inc.; International Speciality Services, Inc.; and Balkamp, Inc. ("Defendants").

Specifically, Plaintiff's Motion to Voluntarily Dismiss Pursuant to FRCP 41(a)(2) [Doc. #43],

Defendants' Motion to Strike Plaintiff's Response to Defendants' Response [Doc. #49], and

Defendants' Motion for Summary Judgment [Doc. #45] are currently before the Court.

For the reasons discussed below, the Court will grant Defendants' Motion to Strike.

Furthermore, the Court will, subject to the condition that Plaintiff pay Defendants'

reasonable taxable costs, grant Plaintiff's Motion to Dismiss. Should Plaintiff decide not to

agree to the condition of paying Defendants' reasonable taxable costs, Plaintiff will be given

the opportunity to withdraw his Motion to Dismiss and the matter will proceed upon the

Court's consideration of Defendants' Motion for Summary Judgment.

I.      FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On June 21, 2013, Plaintiff filed an action in North Carolina state court against

Defendants and Defendant Nicheng Lifting Equipment Factory.  On June 24, 2013, Plaintiff amended his complaint to add Defendants Shanghai Shengang Lifting Equipment Company and Shanghai Sengang Lifting Tools Company, Ltd.  Defendants removed this action to this Court on July 26, 2013.  (Notice of Removal [Doc. #1].)  On August 11, 2014, this action was dismissed without prejudice as to Defendant Nincheng Lifting Equipment Factory due to Plaintiff's failure to obtain service upon that Defendant.  (Order [Doc. #23].)  On September 5, 2014, the Clerk entered default against Defendants Shanghai Shengang Lifting Equipment Company and Shanghai Shengang Lifting Tools Company, Ltd., those defendants having been served on October 21, 2013 and failing to answer or otherwise respond to the Complaint.  (Entry of Default [Doc. #25].)

The Magistrate Judge approved the parties' Joint Rule 26(f) Report on September 12, 2014.  (Order [Doc. #26].)  That Report established various deadlines relating to discovery.[1] As a result, Plaintiff's expert witness reports were due April 12, 2015; Defendants' expert witness reports were due May 12, 2015; and all discovery was to be completed by June 12, 2015.  Plaintiff submitted no expert witness reports before the applicable deadline. "Defendants subsequently prepared their own expert reports by May 12, 2015, as required, relying on and taking into account Plaintiff's failure to provide any reports or disclosure." (Order [Doc. #42], at 5.)  On May 18, 2015, Plaintiff filed a Motion to Modify [Doc. #39] the Joint Rule 26(f) Report by extending the deadlines for the service of expert witness

---

[1] Defendants were later granted an extension of time to respond to Plaintiff's discovery requests.  (Order [Doc. #29].)  Plaintiff consented to this extension and the Motion was made before the expiration of the initial deadline.  (Mot. for Extension of Time to Respond to Pl.'s Disc. Requests [Doc. #28], at 2.)

2

reports, the completion of all expert discovery, and the completion of all discovery. Defendants consented to the extension of the discovery completion deadline, but did not consent to the extension of the expert-related discovery deadlines. ([Doc. #39], at 3.)

On June 3, 2015, Magistrate Judge Peake held a hearing on, *inter alia*, Plaintiff's Motion to Modify. "However, neither Plaintiff's counsel nor another representative for Plaintiff appeared for the hearing." (Order [Doc. #42], at 1.) In an Order [Doc. #42] entered the day after the hearing, Magistrate Judge Peake granted Plaintiff's Motion to Modify to the extent that the deadline for completion of all discovery was extended to July 13, 2015. (Id. at 6.) However, Magistrate Judge Peake denied Plaintiff's Motion to the extent it sought to modify the expert-related discovery deadlines. (Id.)

On July 20, 2015, Plaintiff filed his Motion to Dismiss [Doc. #43] pursuant to Rule 41(a)(2). No supporting memorandum, as required by Local Rule 7.3(a),[2] was filed by Plaintiff. Plaintiff included in the Motion itself, however, a "Basis for Motion" section discussing a substantial back injury he had suffered (unrelated to this case) which causes Plaintiff to be "unable to participate in prosecuting this action." ([Doc. #43], at 2.) On July 27, 2015, Defendants filed their Notice of Intent to File Dispositive Motions [Doc. #44]. On August 12, 2015, Defendants filed a Motion for Summary Judgment [Doc. #45]. On August 13, 2015, Defendants opposed Plaintiff's Motion to Dismiss [Doc. #47]. On August 14, 2015, Plaintiff filed a Response [Doc. #48] to Defendants' opposition to Plaintiff's

---

[2] "All motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule. Each motion shall be set out in a separate pleading." Local Rule 7.3(j) excepts certain motions from the brief requirement, but a motion to dismiss is not among the exceptions. See Local Rule 7.3(j).

Motion to Dismiss. In the Response, Plaintiff asked the Court to "use this memorandum in conjunction with its previously filed motion." (Id. at 1.) Defendants filed a Motion to Strike [Doc. #49] Plaintiff's Response for failure to comply with the Local Rules. (Br. Supp. Defs.' Mot. to Strike Pl.'s Resp. to Defs.' Resp. [Doc. #50].)

As a result of the above procedural history, Plaintiff's Motion to Dismiss [Doc. #43], Defendants' Motion to Strike Plaintiff's Response to Defendants' Response [Doc. #49], and Defendants' Motion for Summary Judgment [Doc. #45] are all currently before the Court.

II.    DISCUSSION

A. Defendants' Motion to Strike Plaintiff's Response

The Court will first consider Defendants' Motion to Strike [Doc. #49] Plaintiff's Response [Doc. #48] because the Court's ruling on the Motion to Strike will affect the materials before the Court for purposes of ruling on Plaintiff's Motion to Dismiss. See Gallimore v. Newman Mach. Co., 301 F. Supp. 2d 431, 435-36 (M.D.N.C. 2004) (Beaty, J.). Local Rule 7.3(a) states that "all motions, unless made during a hearing or at trial, shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule." Motions to dismiss are not among the exceptions in Local Rule 7.3(j). "The failure to file a brief . . . within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Local R. 7.3(k) (emphasis added).

"The determination of excusable neglect is an equitable one, based on consideration of 'the danger of prejudice to the [non-movant], the length of the delay and its potential

impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Daye v. Potter, 380 F. Supp. 2d 718, 720 (M.D.N.C. 2005) (Beaty, J.) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996), superseded by rule on other grounds, Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments. "[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing." Id. (emphasis removed) (quoting In re O.P.M. Leasing Servs., Inc., 769 F.2d 911, 917 (2d Cir. 1985), superseded by rule on other grounds, Fed. R. Civ. P. 77, Advisory Committee Notes to the 1991 Amendment). The movant (here, Plaintiff) bears the burden of establishing excusable neglect. Daye, 380 F. Supp. 2d at 720; Thompson, 76 F.3d at 534.

As Local Rule 7.3(a) makes clear, motions must "be accompanied by a brief." Hence, Plaintiff's brief was required to be filed contemporaneously with his Motion. Plaintiff's Motion to Dismiss was filed on July 20, 2015 and his Response to Defendants' opposition to Plaintiff's Motion to Dismiss was filed on August 14, 2015—twenty-five days after the filing of the Motion to Dismiss. Such a filing can hardly be considered contemporaneous. Plaintiff therefore failed to comply with the timing requirement of Local Rule 7.3(a) and waived the right to file a brief supporting his Motion to Dismiss, unless he can show excusable neglect.

Plaintiff, even in responding untimely, has not made a showing of excusable neglect. In his Response, Plaintiff only states that he "filed his motion in good faith pursuant to Fed. R. Civ. P. 41(a)(1) [sic]" and suggests that he did not initially believe that there was a need to file an accompanying brief. (Response [Doc. #48], at 1.) Regarding the length of the delay and its impact upon the judicial proceedings, Plaintiff's Response was filed twenty-five days after it was due. Though a delay of a day or two might be understandable, this delay was substantial.

This delay did indeed impact the judicial proceedings because Plaintiff's Response was filed after Defendants had already filed their Response to Plaintiff's Motion to Dismiss. Notably, Defendants filed their Response at 8:56 p.m. on August 13, 2015, which was the very last day by which they were required to respond. (See Docket Entry #43 (setting response deadline of August 13, 2015); Docket Entry #47 (showing Defendants' Response was filed on August 13, 2015).) It would not have been reasonable to have expected Defendants to have waited any longer for Plaintiff's accompanying brief before Defendants responded to Plaintiff's Motion to Dismiss. Plaintiff's delay in filing a supporting brief required Defendants to anticipate the arguments that Plaintiff might have intended to raise. Hence, Plaintiff's delay impacted the judicial proceedings.

Regarding the other factors mentioned above, Plaintiff has not suggested that the failure to file an accompanying brief was outside his control. Additionally, the Court takes at face value the Plaintiff's statement that he failed to file the accompanying brief based upon a good faith belief that the brief was unnecessary. However, given that the other factors weigh

6

heavily against a finding of excusable neglect, the Court finds that the Plaintiff has not carried his burden of demonstrating excusable neglect and will therefore grant Defendants' Motion to Strike.[3]

For the above reasons, the Court will grant Defendants' Motion to Strike [Doc. #49] and Plaintiff's Response [Doc. #48] will be stricken from the record.

B. Plaintiff's Motion to Dismiss

Notwithstanding the Court's ruling with respect to Defendants' Motion to Strike, the Court will nevertheless consider Plaintiff's Motion for Voluntary Dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(2), which states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" after the opposing party has filed an answer or a motion for summary judgment.[4]

> Although the decision is discretionary, the purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced; thus, a district court should grant a Rule 41(a)(2) motion absent plain legal prejudice to the defendant. A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion or that it faces the prospect of a subsequent lawsuit.

---

[3] Furthermore, the Court notes that Plaintiff has not directly responded to or otherwise formally opposed Defendants' Motion to Strike. Local Rule 7.3(f) states that "[t]he respondent [to a motion], if opposing a motion, shall file a response, including brief, within 21 days after service of the motion." "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local R. 7.3(k). Hence, granting Defendants' Motion to Strike would also have been appropriate due to Plaintiff's failure to respond to or oppose the Motion to Strike.

[4] The Court notes that in considering Plaintiff's Motion to Dismiss, the Court also considered the arguments opposing the Motion to Dismiss raised by Defendants in their Brief in Support of their Motion to Strike [Doc. #50], which effectively served, in part, as a response to Plaintiff's Response [Doc. #48] that the Court will strike.

<u>Bridge Oil, Ltd. v. Green Pac. A/S</u>, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations and quotation marks omitted). "[T]he possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation" is also insufficient to establish prejudice to the defendant. <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1275 (4th Cir. 1987).

"In deciding a Rule 41(a) motion, a district court should consider factors such as 'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" <u>Miller v. Terramite Corp.</u>, 114 F. App'x 536, 539 (4th Cir. 2004) (quoting <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 358 (10th Cir. 1996)). The Court will consider these four factors in turn.

First, in considering Defendants' "effort and expense in preparing for trial," the Court notes that Defendants have exerted a fair amount of effort and expense in preparing discovery materials for this case. (<u>See</u> Defs.' Br. in Resp. to Pl.'s Mot. to Dismiss [Doc. #47], at 8-9.) However, most, if not all, of these materials would be useful if a second case is in fact filed by Plaintiff. Hence, the prejudice to Defendants in this regard would be relatively minor. <u>See</u> <u>Davis</u>, 819 F.2d at 1276 ("It is evident from the record that the work and resources expended to date during this litigation will be easily carried over to litigation of the plaintiff's cause of action in state court.").

Defendants rely upon <u>In re FEMA Trailer Formaldahyde Products Liability Litigation</u>, 628 F.3d 157 (5th Cir. 2010), in arguing that the effort and expenses they have incurred support the Court denying Plaintiff's Motion to Dismiss. However, <u>FEMA Trailer</u>

8

is distinguishable because it involved the interests of many others beyond the immediately concerned parties in that case, in addition to evidence of significant <u>wasted</u> effort and expense. In <u>FEMA Trailer</u>, Bell, a bellwether plaintiff for one of many cases arising out of the "government's program to supply temporary housing for victims of the devastating 2005 hurricanes," moved for voluntary dismissal of his case without prejudice. <u>Id.</u> at 159-60. Bell did so after "the parties ha[d] expended much time, effort, and money into readying the case involving the Bell trailer for trial." <u>Id.</u> at 160. The district court dismissed Bell's case with prejudice[5] and the Fifth Circuit affirmed the district court's decision. Among other reasons, the Fifth Circuit explained

> The selection of a substitute bellwether plaintiff would inflict considerable inconvenience on the defendants. Not only would [one defendant] have to explore the condition of another trailer, but the identity and role played by subsidiary defendants would change. In effect, [one defendant] <u>would be defending an entirely different case</u> without having seen a conclusion of the Bell case.

<u>Id.</u> at 162 (footnote omitted and emphasis added). Because the defendants' "investment in trial preparation for Bell's case was wasted," permitting voluntary dismissal without prejudice would have prejudiced the <u>FEMA Trailer</u> defendants. <u>Id.</u> at 163.

In contrast to <u>FEMA Trailer</u>, here, Defendants merely face the prospect of a second lawsuit by the same Plaintiff relating to the exact same factual circumstances. "[A] very significant number of courts have followed the traditional principle . . . that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere

---

[5] The Fifth Circuit noted that "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss," but Bell did not suggest "that the court's procedure here was deficient or that he would have taken advantage of any such offer." <u>Id.</u> at 163 n.4.

prospect of a second lawsuit." 9 Charles Alan Wright et al., Federal Practice and Procedure §
2364 (3d ed. 2015). As explained above, though Defendants have incurred a substantial
amount of expenses up to this point in the case, they will not be unfairly prejudiced because
most of the fruits of those expenses would be useful in a second lawsuit based upon the
same factual circumstances. Therefore, this first factor weighs toward granting Plaintiff's
Motion to Dismiss.

Second, the Court's consideration will focus on whether there was any "excessive
delay or lack of diligence" on the part of Plaintiff. <u>Miller</u>, 114 F. App'x at 539. As
documented above, Plaintiff's diligence has been somewhat lacking at points in this litigation.
Plaintiff did not submit an expert report by the applicable deadline. Additionally, neither
Plaintiff nor Plaintiff's counsel attended a hearing regarding, *inter alia*, whether the deadline
for the submission of expert reports should be extended. The motion to extend the deadline
was denied. Defendants, on the other hand, timely submitted their expert report. As a
result, Defendants assert that dismissal would be improper because it would violate the "law
of the case" and because Defendants have acquired an advantage in this litigation in that they
have an expert report on the record while Plaintiffs do not (and cannot get such a report into
the record because of the expired deadline). (Defs.' Br. Resp. to Pl.'s Mot. to Dismiss [Doc.
#47], at 9.)

On the other hand, Plaintiff filed his motion to dismiss on July 20, 2015, more than
five months before the anticipated start of trial in January 2016. (<u>See</u> Order [Doc. #42], at 6

10

("[T]rial in this matter is scheduled on the Court's January 2016 Master Trial Calendar.").)
Consequently, Plaintiff was diligent with respect to the timing of his motion to dismiss.

In arguing that Plaintiff's lack of diligence merits denial of his Motion to Dismiss, Defendants primarily rely upon <u>Paturzo v. Home Life Ins. Co.</u>, 503 F.2d 333 (4th Cir. 1974). However, <u>Paturzo</u> is distinguishable from the circumstances here. In <u>Paturzo</u>, at 4 p.m. on the Friday before a Monday trial, plaintiff Paturzo informed the defendant of his intention to seek voluntary dismissal on a part of one of his claims. <u>Id.</u> at 335. "On the morning of the trial," Paturzo moved for voluntary dismissal. <u>Id.</u> "He asserted that he wished to litigate that aspect of his case in a class action which he had instituted that morning and in which he had prayed a jury trial." <u>Id.</u> Paturzo had previously "failed to make a timely demand for a jury trial." <u>Id.</u> The Fourth Circuit held that the district court "did not abuse its discretion in its denial of [Paturzo's] motion to dismiss." <u>Id.</u> at 336. The Fourth Circuit explained that it had "indicated [its] hesitancy in granting a voluntary dismissal where the action has progressed to or beyond the trial stage." <u>Id.</u> at 335.

Here, Plaintiff moved for voluntary dismissal much further in advance of trial than Paturzo. The Court also notes that while Plaintiff's failure to submit his expert witness report before the deadline is somewhat analogous to Paturzo's failure to timely seek a jury trial, <u>id.</u> at 335-36, in subsequent cases, the Fourth Circuit has explained that gaining a tactical advantage as a result of the voluntary dismissal does not amount to unfair prejudice, <u>see, e.g.</u>, <u>Davis</u>, 819 F.3d at 1275.[6] Therefore, despite Plaintiff's occasional lack of diligence in

_____

[6] To the extent that Defendants argue that allowing voluntary dismissal would allow Plaintiff to circumvent the "law of the case," the Court notes that the "'law of the case,' . . . merely expresses the practice of courts generally to refuse to reopen what has been decided, not

this case as compared to the relative timeliness of his filing of his Motion to Dismiss, this second factor does not strongly favor granting or denying the Motion.

Third, the Court will consider the sufficiency of the explanation Plaintiff has provided in support of his request for a dismissal. Miller, 114 F. App'x at 539. Plaintiff has explained that he is unable to proceed with the case due to a "substantial injury to his back that is not related to this case." (Pl's Mot. to Dismiss [Doc. #43], at 1.) As a result of the second of two surgeries Plaintiff has had on his back in the past year, it has been asserted that "Plaintiff is currently on standing, sitting and lifting restrictions." (Id. at 2.) Plaintiff also states that the "prognosis and recovery time are unknown." (Id.) Though Defendants argue that Plaintiff has not offered any evidence on the record to support his statement that he has such a restricting medical condition, the record contains evidence that Plaintiff indeed does have a back condition. (See, e.g., Br. in Supp. Defs.' Mot. to Strike Pl.'s Resp. to Defs.' Resp. [Doc. #50], at 3-4.) Given Plaintiff's current physical inability to participate in a trial, this third factor weighs strongly in favor of granting Plaintiff's Motion to Dismiss.

Fourth, the Court takes into account whether "the present stage of the litigation, i.e., whether a motion for summary judgment is pending," has a bearing on the consideration of Plaintiff's Motion to Dismiss. Robinson v. Durham Pub. Schs. Bd. of Educ., No. 1:13CV652, 2014 WL 3894368, at *8 (M.D.N.C. Aug. 7, 2014) (Beaty, J.) (quoting Gross v. Spies, 133 F.3d 914 (Table), 1998 WL 8006, at *5) (4th Cir. 1998)). "[A] motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent

_____

a limit to their power." Messinger v. Anderson, 225 U.S. 436, 444, 32 S. Ct. 739, 740, 56 L. Ed. 1152 (1912).

an expected adverse result, and . . . denial of voluntary dismissal is appropriate where summary judgment is imminent." Jessup v. Daniels, No. 1:13CV607, 2014 WL 1431728, at *5 (M.D.N.C. Apr. 14, 2014) (internal citations and quotation marks omitted).

At the time Plaintiff filed his Motion to Dismiss, this case was in its later stages and discovery had closed, but no motion for summary judgment was pending nor had Defendants filed their Notice of Intent to File Dispositive Motions. Though Defendants later filed a Motion for Summary Judgment, this fact does not cause a voluntary dismissal to result in unfair prejudice to the Defendants. Bridge Oil, 321 F. App'x at 245 ("A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion."). See also Tyco Labs., Inc. v. Koppers Co., Inc., 627 F.2d 54, 56-57 (7th Cir. 1980) ("We cannot agree . . . that the fact that a pretrial motion for summary judgment has been filed by some of the defendants as to one of [plaintiff's] asserted grounds for relief is equivalent to an 'imminent' resolution on the merits of the action."). Additionally, this case is distinguishable from Miller, where the court granted summary judgment a mere two days after the plaintiff had filed her motion to dismiss. Miller, 114 F. App'x at 540. "By then, the district court had invested a great deal of time preparing a dispositive order and considering the merits of the claim." Id. Here, Plaintiff filed his Motion to Dismiss three and a half weeks before Defendants moved for summary judgment. Therefore, this fourth factor weighs in favor of granting Plaintiff's motion.

Considering the above factors together, the Court finds that granting Plaintiff's Motion to Dismiss is appropriate in this instance. Most notably, Plaintiff's physical inability

to proceed with the case strongly counsels toward voluntary dismissal. As explained above, the facts that Defendants may have to face a second case and Plaintiff may gain a tactical advantage in that second case as a result of the voluntary dismissal of Plaintiff's claims do not amount to unfair prejudice. In the absence of such unfair prejudice, the Fourth Circuit has instructed courts to "freely . . . allow" plaintiffs to voluntary dismiss their claims, Bridge Oil, 321 F. App'x at 245, and the Court will therefore allow such voluntary dismissal here.

In granting the Motion to Dismiss, however, the Court notes that it must do so "on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Such terms are imposed "in order to alleviate prejudice to the defendant from the inconvenience and resources expended on the litigation of the plaintiff's action." Davis, 819 F.2d at 1276. "The Fourth Circuit has held that, as a matter of course in most voluntary dismissals, the plaintiffs should be required to pay a portion of the defendant's taxable costs." Dean v. WLR Foods, Inc., 204 F.R.D. 75, 80 (W.D. Va. 2001) (citing Davis, 819 F.2d at 1276). Such costs, however, do not include attorneys' fees. Id. at 80. Furthermore, the costs "must be reasonable and shall not include payment for activities of any defendant that will likely be applicable to any subsequent litigation." Id. Therefore, as a condition of Plaintiff's Motion to Dismiss being granted, the Court has determined that Plaintiff must pay Defendants' reasonable taxable costs. In imposing this condition, however, the Court must provide the Plaintiff with the opportunity to withdraw his Motion in lieu of complying with the condition of payment of costs. Cf. Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986). The Court will provide that opportunity, as described below.

14

III.     CONCLUSION

For the reasons discussed above, the Court will grant Defendants' Motion to Strike [Doc. #49].   Additionally, Plaintiff shall have until and including December 16, 2015 to withdraw his Motion to Dismiss [Doc. #43].   If Plaintiff does not withdraw his Motion to Dismiss, the Court will grant Plaintiff's Motion to Dismiss, subject to the condition that Plaintiff pay Defendants' reasonable taxable costs associated with this matter.   If Plaintiff's Motion is granted, Defendants will be directed to promptly file a bill of costs.   In addition, if Plaintiff's Motion is granted, then Defendants' Motion for Summary Judgment [Doc. #45] will be denied as moot.

Furthermore, if Plaintiff's Motion is granted, Plaintiff shall be required to promptly resolve his outstanding claims against Defendants Shanghai Shengang Lifting Equipment Company and Shanghai Shengang Lifting Tools Company, Ltd., against whom entries of default have previously been entered, by timely pursuing a default judgment.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike [Doc. #49] is GRANTED.   Plaintiff's Response [Doc. #48] is therefore STRICKEN from the record.

IT IS FURTHER ORDERED that Plaintiff has until and including December 16, 2015 to file a statement indicating whether he will withdraw his Motion to Dismiss [Doc. #43].

IT IS FURTHER ORDERED that if Plaintiff does not withdraw his Motion to Dismiss, the following four orders become effective on December 17, 2015:

15

1) Plaintiff's Motion to Voluntarily Dismiss Without Prejudice [Doc. #43] is GRANTED, subject to the condition that Plaintiff pay Defendants' reasonable taxable costs associated with this matter;

2) Defendants Genuine Parts Company; National Automotive Parts Association; Sunex International, Inc.; International Speciality Services, Inc.; and Balkamp, Inc. are directed to file a bill of costs no later than January 19, 2016;

3) Defendants' Motion for Summary Judgment [Doc. #45] is DENIED AS MOOT; and

4) Plaintiff has until and including January 19, 2016 to file a motion for default judgment as to Defendants Shanghai Shengang Lifting Equipment Company and Shanghai Shengang Lifting Tools Company, Ltd. If no such motion is filed, Plaintiff's claims against Defendants Shanghai Shengang Lifting Equipment Company and Shanghai Shengang Lifting Tools Company, Ltd. shall be dismissed.

This the 9th day of December, 2015.

United States District Judge